UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Neil J. Frengler, | ) | CASE NO. 4:10CV225 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| General Motors, LLC, et al., | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) ) ) | [Resolving Docs. 21, 41] |

This matter comes before the Court on Defendants' motion for judgment on the pleadings (Doc. 35). Specifically, Defendants General Motors, LLC ("GM") and Dr. Salim C. El-Hayek seek judgment on the pleadings. On September 1, 2010, Plaintiff Neil Frengler opposed the motion, and GM replied on September 20, 2010. Accordingly, the Court has been advised, having considered the complaint, pleadings, and applicable law. The motion for judgment on the pleadings is GRANTED.

**I.    STATEMENT OF FACTS**

Ordinarily, this Court would detail the facts as alleged by the plaintiff in evaluating a motion for judgment on the pleadings. However, it is not possible for the Court to discern the relevant facts from Frengler's amended complaint. With its numerous attachments, the amended complaint spans 81 pages. Frengler captioned the amended complaint to allege violations of the Americans with Disabilities Act ("ADA"). In addition, Frengler quotes from the ADA. Beyond that, there is nothing in any pleading before this Court that resembles allegations that would support a finding that Frengler has been the victim of some form of discrimination.

## II. LEGAL STANDARD

Fed.R. Civ.P. 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). The Sixth Circuit stated the standard for reviewing such a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id.* Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential

2

allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

### III. ANALYSIS

During the case management conference in this matter, the Court indicated that it would dismiss the claims against Dr. El-Hayek. "[I]ndividual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in … ADA cases[.]" *Ford v. Frame*, 3 Fed. Appx. 316, 318 (citing *Sullivan v. River Valley School Dist.*, 197 F.3d 804, 808 n. 1 (6th Cir.1999)). Accordingly, the ADA claim against Dr. El-Hayek must be dismissed as the Court previously indicated in an oral pronouncement.

While the Court will liberally construe the complaint because of Frengler's *pro se* status, principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id.* To do so would "require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Herein, there is no construction of the complaint that would lead to a conclusion that Frengler had pled a cause of action of any kind. Frengler has attached numerous documents to his amended complaint and included handwritten explanations on those documents. The documents include filings from his workers' compensation claim, medical bills, and medical records. Moreover, the documents date back as far as 2004. Some of the handwritten notes

3

appear to address Dr. El-Hayek, while others are directed at Frengler's local union, a non-party to this case.

Nowhere in the amended complaint does Frengler even attempt to state the underlying facts of his claim or how those facts satisfy the elements of an ADA claim. While Frengler has supplied medical records and records from state agencies to indicate some form of partial disability, there are no other allegations in the amended complaint. Frengler has not alleged that he requested accommodations and they were denied. For that matter, the amended complaint does not contain an allegation that would put GM on notice of the alleged adverse employment action that Frengler must demonstrate to support his claim. The amended complaint also fails to state that the employer's adverse employment action was somehow related to Frengler's alleged disability. In short, Frengler filed numerous documents spanning more than six years. His factual allegations are few and far between and do not approach meeting even the liberal standard for pleadings that is applied to *pro se* filings. Accordingly, the motion for judgment on the pleadings is GRANTED.

IV. **CONCLUSION**

Defendants' motion for judgment on the pleadings (Doc. 12) is GRANTED. The complaint against GM and Dr. El-Hayek is hereby DISMISSED. As there are no remaining claims in this matter, the matter is hereby CLOSED. Moreover, given the Court's resolution of this motion, Frengler's motion for reconsideration (Doc. 41) of the Court's denial of his request for counsel is DENIED.

IT IS SO ORDERED.

Date:  March 22, 2011         */s/ John R. Adams*
                              Judge John R. Adams
                              UNITED STATES DISTRICT COURT